Margaret **FISHER**, Plaintiff, Appellant,

v.

Walter **FLYNN**, etc., et al.,
Defendants, Appellees.

No. 79–1005.

United States Court of Appeals,
First Circuit.

Argued April 2, 1979.

Decided May 8, 1979.

---

Gerard J. Clark, Cambridge, Mass., for plaintiff, appellant.

Herbert D. Friedman, Boston, Mass., with whom Morris M. Goldings and Hawkes & Goldings, Boston, Mass., were on brief for defendants, appellees.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

Plaintiff, charging sex discrimination in the termination of her employment at Bridgewater State College as an assistant professor of psychology, appeals from the dismissal of her complaint based on Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e–2 and 42 U.S.C. § 1983[1] against the Chairman of the Board of Trustees of Massachusetts State Colleges, the Chancellor of the Division of State Colleges, Bridgewater State College, Bridgewater's president, the head of its psychology department, and an associate professor of psychology.[2] We agree with the district court that plaintiff failed to allege facts sufficient to state a claim upon which relief may be granted.

We quote the relevant paragraphs of the complaint with respect to the alleged reasons for plaintiff's termination.

"15. The . . . termination was caused solely by discriminatory matters

---

1. A third, pendent count based on common law defamation was also dismissed.

2. Plaintiff does not object to the dismissal of the Title VII count against the first, second, and fourth defendants.

of those who affected the termination decision at the defendant College.

"16. Some part of the above-mentioned discriminatory nature was the refusal by the plaintiff to accede to the romantic advances of [the department chairman].

"17. All of the above are part of a larger pattern and practice of discrimination based on gender at the defendant College.

"18. All of the above is in contravention of the defendant's [sic] rights as guaranteed by Title VII of the 1964, as amended, 42 U.S.C. § 2000d [2000e] et seq." [3]

Complaints based on civil rights statutes must do more than state simple conclusions; they must at least outline the facts constituting the alleged violation. See Kadar Corp. v. Milbury, 549 F.2d 230 (1st Cir. 1977); Koch v. Yunich, 533 F.2d 80, 85 (2d Cir. 1976). Paragraphs 15, 17, and 18 are plainly of the invalid conclusory variety, merely reflecting plaintiff's subjective characterization of defendants' motives and actions. Only paragraph 16 identifies specific conduct allegedly in violation of 42 U.S.C. § 1983 and/or Title VII—conditioning plaintiff's employment on acquiescence to romantic advances. Much of plaintiff's argument was directed at establishing that such conduct violates Title VII and/or 42 U.S.C. § 1983. Were we to follow the circuits which have so held, Tomkins v. Public Service Electric & Gas Co., 568 F.2d 1044 (3d Cir. 1977); Barnes v. Costle, 183 U.S. App.D.C. 90, 561 F.2d 983 (1977); Garber v. Saxon Business Products, Inc., 552 F.2d 1032 (4th Cir. 1977), a matter we need not now decide, we would still conclude plaintiff has failed to state a claim upon which relief may be granted because she has not set forth sufficient facts which, if true, would indicate employment was in fact conditioned on acquiescence to romantic advances. Plaintiff has not alleged a sufficient nexus between her refusal to accede

to the romantic overtures and her termination. She has not alleged that the department chairman had the authority to terminate her employment or effectively recommend the same and we cannot so assume. See Sweeney v. Board of Trustees of Keene State College, 569 F.2d 169, 172 (1st Cir. 1978), vacated on other grounds, 439 U.S. 24, 99 S.Ct. 295, 58 L.Ed.2d 216 (1978) (peer-review system for screening requests for tenure and promotion); Trustees of Boston University v. NLRB, 575 F.2d 301, 305 (1st Cir. 1978), petition for cert. filed, 47 U.S.L.W. 3097 (Aug. 22, 1978) (No. 78-67) (chairperson's recommendations on appointment and reappointment made after consultation with all tenured members of department).

At oral argument plaintiff's counsel took the position that plaintiff need not allege any link between the chairman and those with authority to hire and fire, that this was a matter for discovery. We disagree. In the circumstances of this case where the wrong complained of is termination based on an improper criterion, we do not see how plaintiff could satisfy the "but for" causation required in impermissibly motivated termination cases, cf. Givhan v. Western Line Consolidated School District, —— U.S. ——, ——, 99 S.Ct. 693, 58 L.Ed.2d 619 (1979); Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); Rosaly v. Ignacio, 593 F.2d 145, at 148 (1st Cir. 1979), without alleging facts which would at least indicate defendant chairman had some input in the termination decision. Far from alleging a "but for" causation, plaintiff's complaint, paragraph 16, indicates that her rebuff of the chairman's alleged advances merely constituted "some part" of the reason for her termination. Thus, even if we were to assume that vicarious liability may be imposed on some or all of the other defendants,[4] we would first

---

3. Plaintiff's 42 U.S.C. § 1983 count is premised on the same conduct as the Title VII count.

4. Plaintiff has not alleged that the other defendants condoned, knew, or should have known of the chairman's alleged advances. Compare

Garber v. Saxon Business Products, Inc., 552 F.2d 1032 (4th Cir. 1977) (complaint alleged an employer policy or acquiescence in a practice of compelling female employees to submit to the sexual advances of male supervisors), Miller v. Bank of America, 418 F.Supp. 233 (N.D.

need to conclude the chairman played some role in the termination decision. Plaintiff has not alleged the necessary facts to establish this predicate. For all that appears, the romantic overtures were but an unsatisfactory personal encounter with no employment repercussions and consequently not actionable. *See Tomkins v. Public Service Electric & Gas Co.,* 568 F.2d 1044, 1048 (3d Cir. 1977) (distinction noted between sexual advances of an individual or personal nature and those having direct employment consequences); *Heelan v. Johns-Manville Corp.,* 451 F.Supp. 1382, 1388 (D.Colo.1978) (Title VII should not be interpreted to reach sexual relations which arise during the course of employment but which have no substantial effect on employment).

■ Plaintiff next argues the district court erred in supposedly denying her leave to amend her complaint. No motion to amend was, however, filed; the record, including the docket, is entirely silent on either the making or denial of such a motion.[5] We refuse to review a matter of this nature in the absence of its having been tendered below.

*Affirmed.*

Cal.1976) (in absence of specific factual allegations describing an employer policy, which in its application imposes or permits a consistent, as distinguished from an isolated, conditioning of employment on acquiescence in sexual advances, no Title VII claim stated), and *Munford v. James T. Barnes & Co.,* 441 F.Supp. 459, 466 (E.D.Mich.1977) (employer not automatically vicariously liable for discriminatory acts of supervisors (dicta)). *But see Barnes v. Costle,* 183 U.S.App.D.C. 90, 100, 561 F.2d 983, 993 (1977) (employer is generally chargeable with Title VII violations occasioned by supervisory personnel) and *Heelan v. Johns-Manville Corp.,* 451 F.Supp. 1382, 1389 (D.Colo.1978) (not necessary to prove an employer policy or practice endorsing sexual harassment). On the contrary, during oral argument plaintiff's counsel stated he did not know whether or not the other defendants knew of the chairman's alleged advances and took the position that such

is not an essential allegation but rather is a matter for discovery.

5. Plaintiff's counsel suggests that an oral motion to amend may have been made below. However, as he did not handle the case below, he is without personal knowledge. Defense counsel represented to this court during argument that no such oral motion to amend had been made. It would be grossly unfair to defendants as well as subversive of proper judicial procedures for us to presume on such a flimsy foundation that a motion was made. Counsel may not impeach the record by his oral statement; the proper mode would be by proceedings under Fed.R.App.P. 10(e) before the district court. We must abide by the record as it stands. *See Hobart v. O'Brien,* 243 F.2d 735, 744 (1st Cir.), *cert. denied,* 355 U.S. 830, 78 S.Ct. 42, 2 L.Ed.2d 42 (1957); 9 Moore's Federal Practice ¶ 210.08, at 1639 (2d ed. 1948).