Isadore GOLDMAN, Plaintiff, Appellant,

v.

SEARS, ROEBUCK & COMPANY,
Defendant, Appellee.

No. 79–1154.

United States Court of Appeals,
First Circuit.

Submitted Sept. 14, 1979.

Decided Oct. 25, 1979.

Frederick T. Golder and Shulman & Golder, Boston, Mass., on brief, for plaintiff, appellant.

Carl K. King, Gary R. Greenberg, Goldstein & Manello, Boston, Mass., Joseph M. Kehoe, Jr., and Robert F. Maxwell, St. Davids, Pa., on brief, for defendant, appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

This appeal is from the district court's dismissal of an employment discrimination action. The court held that the charges of discrimination were not timely filed with the appropriate federal agencies. We find no error.

The complaint in the instant action alleged substantially the following: After working in the large appliance department of Sears, Roebuck's store in Saugus, Massachusetts from 1962–72, appellant was subjected to harassment and other discriminatory treatment following a management change in 1972. On or about July 27, 1973, he was told he was not a "professional salesman" and was transferred to the store's shoe department at a substantial loss of income. This transfer was made even though in 1966 he had injured his lower back, an injury Sears knew would be aggravated by employment in the shoe department, and was in fact so aggravated. Sometime in 1975, appellant was transferred from the shoe department to the store's electrical department, at a further loss of income. Appellant made repeated requests to be transferred back to the large appliance department, "but the defendant Sears has refused." In consequence,

"The plaintiff alleges that in transferring him out of the large appliance department, transferring him to the shoe department, and then transferring him to the electrical department, the defendant discriminated against the plaintiff solely because of his religious beliefs (Jewish) and because of his age . . .."

Appellant invoked Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* (religion),[1] Title 28 U.S.C. §§ 1337 and 1343, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623.[2] Appellant specifically asserted in the complaint that he had complied with all conditions precedent under 42 U.S.C. § 2000e–5, in that, *inter alia*, he had filed a charge of

---

1.  42 U.S.C. § 2000e–2(a)(1) states:

    "It shall be an unlawful employment practice for an employer—

    . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . . ."

2.  29 U.S.C. § 623(a)(1) states:

    "It shall be unlawful for an employer—

    . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; . . ."

employment discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the occurrence of the unfair employment practice. The complaint goes on to state that the discrimination charge was filed with EEOC on July 16, 1976. On October 13, 1977 the EEOC allegedly found reasonable cause to believe that appellant's charge was true and invited the parties "to join with it in a collective effort toward a just resolution of the matter." On March 6, 1978 appellant was said to have been notified by the EEOC that it had been unable, through its informal methods, to reach a settlement with appellee, that it would not itself bring suit against appellee, and that appellant was thus entitled to sue appellee under Title VII if the suit was commenced within ninety days of receipt of the notification. Appellant commenced the present action on March 29, 1978.

Appellee moved to dismiss the complaint for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6), and for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1), on the grounds that appellant had not filed his charge of religious discrimination with the EEOC within the time required by Title VII, 42 U.S.C. § 2000e–5(e),[3] nor had he filed his charge of age discrimination with the Secretary of Labor within the time required by the ADEA, 29 U.S.C. § 626(d)(1).[4]

Attached as an exhibit to a memorandum accompanying the motion to dismiss was a copy of the charge appellant had filed with the Secretary of Labor pursuant to 29 U.S.C. § 626(d).[5] The copy showed that the charge had been filed with the Secretary on September 3, 1976. Although not included in the complaint, the correctness of this date does not appear to have been disputed. Appellant filed a memorandum of law in opposition to the motion to dismiss.

The district court granted appellee's motion to dismiss the complaint. The court thought it clear, from the face of the complaint and the copy of the charge filed with the Secretary of Labor, that appellant's Title VII and ADEA claims were time-barred for failure to file charges of religious and age discrimination with the responsible agencies within the statutorily required time periods. Both Title VII and the ADEA required appellant to have filed his charge "within 180 days after the alleged unlawful practice occurred." *See* notes 3 and 4 *supra*. According to the complaint the latter of the two demotions (*viz.* to the electrical department) occurred "sometime in 1975." Appellant filed his charge of religious discrimination with the EEOC on July 16, 1976 and his charge of age discrimination with the Secretary of Labor on September 3, 1976. Thus in neither case was the charge filed within 180 days of the two unlawful practices specifically alleged.

Appellant argued in opposition to the motion to dismiss that because the complaint alleged he "made repeated requests to be transferred back to the large appliance department, but [appellee] has refused," it stated continuing violations of Title VII and the ADEA. On this theory, the unlawful practices continued indefinitely and the running of the 180 days was not triggered by the final demotion in 1975.

The district court disagreed. The court said,

"[i]n determining whether there has been continuing discrimination, 'the emphasis should not be on mere continuity; the critical question is whether a present *violation* exists.' *United Air Lines, Inc. v. Evans,* 431 U.S. 553, 558 [97 S.Ct. 1885, 52 L.Ed.2d 571] (1977) . . . In this

---

**3.** 42 U.S.C. § 2000e–5(e) states in part:
   "A charge under this section shall be filed [with the EEOC] within one hundred and eighty days after the alleged unlawful employment practice occurred . . . ."

**4.** 29 U.S.C. § 626(d) states in part:
   "No civil action may be commenced by an individual under this section until 60 days

after a charge alleging unlawful discrimination has been filed with the Secretary. Such charge shall be filed—
(1) within 180 days after the alleged unlawful practice occurred; . . . ."

**5.** *See* note 4 *supra.*

case . . . the two transfers appear from the pleadings to be discrete incidents of alleged discrimination. The mere allegation of repeated requests and denials of retransfers does not transform past discriminatory acts into a pattern of discrimination of a continuing nature. . . . What is required by the *Evans* case and missing here is the presence of a present violation."

■ After dismissal of the complaint, appellant unsuccessfully moved for reconsideration, arguing *inter alia,* that the 180-day period should have been tolled until April 1976 (which would render his agency filings timely) because it was not until then, when another employee was allegedly terminated due to religious discrimination, that appellant became "fully convince[d]" his transfers were due to discrimination.[6] A timely appeal was taken from the orders dismissing the complaint and denying the motion for reconsideration.

On appeal appellant again contends that his complaint sets forth a continuing violation, thus avoiding any necessary inference that he was too late in filing charges with the agencies. He argues also that the district court did not give due weight to the EEOC's own determination that his charge was timely filed. As a final argument, appellant contends that because Massachusetts is a deferral state within the meaning of 29 U.S.C. § 633(b), he had 300, rather than 180, days following the "alleged unlawful practice" within which to file his age discrimination claim with the Secretary of Labor. *See* 29 U.S.C. § 626(d)(2).

■ Taking the above arguments in reverse order, we decline to entertain the "deferral state" contention, as it was neither raised nor considered below. *Johnston v. Holiday Inns, Inc.,* 595 F.2d 890, 894 (1st Cir. 1978).[7]

■ The next contention—that dispositive weight must be given the EEOC's determination of timeliness—is properly before us, but we find no error in the district court's resolution. In a letter notifying appellant that it had found reasonable cause to credit his charge of employment discrimination, the EEOC stated that "the timeliness, deferral, and all other jurisdictional requirements have been met." Appellant charges the district court with having "completely ignored" this statement. The court did not, however, ignore the EEOC's position. It stated in its opinion that the Commission's determination was a factor to be weighed, but the courts have generally made an independent review of the timeliness of the agency filing. There is ample precedent for this approach. *See, e. g., Macklin v. Spector Freight Systems, Inc.,* 156 U.S.App.D.C. 69, 76, 478 F.2d 979, 986 (D.C.Cir.1973); *Corbin v. Pan American World Airways, Inc.,* 432 F.Supp. 939, 944 (N.D.Cal.1977); *but see Boudreaux v. Baton Rouge Marine Contracting Co.,* 437 F.2d 1011, 1014 n.6 (5th Cir. 1971) (dicta). Certainly when the allegations in the complaint indicate that a timely claim was not filed, the agency's boilerplate statement to the contrary, issued without supporting reasons, does not effect a valid dispensation of the statutory requirement.

We turn now to appellant's primary contention—that because the complaint supposedly states claims of continuing violations of Title VII and the ADEA, the period for filing agency complaints did not com-

---

**6.** As these alleged facts were not included in appellant's complaint or in an amended complaint, they are not part of the record and cannot be considered in determining whether the complaint states a timely Title VII or ADEA claim. *O'Brien v. DiGrazia,* 544 F.2d 543, 545 (1st Cir. 1976), *cert. denied sub nom. O'Brien v. Jordan,* 431 U.S. 914, 97 S.Ct. 2173, 53 L.Ed.2d 223 (1977).

**7.** This is not a case where a serious miscarriage of justice is likely to occur unless we entertain the issue. Although the complaint states that the second demotion occurred "sometime in 1975," in his opposition to the motion to dismiss, appellant states that "according to the employment records of the defendant the day of that transfer was August 7, 1974." If the second demotion occurred in 1974 or even in the first half of 1975, the charge filed with the Secretary of Labor would have been untimely under either the 300-day or the 180-day statutory period.

mence at the time of plaintiff's last transfer in 1975 but remained indefinitely open. Under this theory, plaintiff's alleged repeated requests to be retransferred to the large appliance division, followed by Sears' alleged refusals to honor these requests, constituted evidence of the ongoing nature of the violations, which arguably continued up to and through the filing of all charges. Courts have held that if a Title VII or ADEA violation is of a continuing nature, the charge of discrimination filed with the appropriate agency may be timely as to all discriminatory acts encompassed by the violation so long as the charge is filed during the life thereof or within the statutory period (*e. g.*, 180 days) which commences upon the violation's termination. *See, e. g., In re Consolidated Pretrial Proceedings in Airline Cases*, 582 F.2d 1142, 1148–49 & n.12 (7th Cir. 1978); *Acha v. Beame*, 570 F.2d 57, 65 (2d Cir. 1978); *Laffey v. Northwest Airlines, Inc.*, 185 U.S.App.D.C. 322, 366, 567 F.2d 429, 473 (D.C.Cir.1977), *cert. denied*, 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978); *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 348 n.15 (10th Cir. 1975); *Hiscott v. General Electric Co.*, 521 F.2d 632, 635 (6th Cir. 1975).

█ To state such a continuing violation, however, a complaint must indicate that not only the injury, but the discrimination, is in fact ongoing. The district court held that that hurdle was not surmounted here, and we agree. A continuing violation is not stated if all that appears from the complaint is that the plaintiff continues to suffer from the ongoing effects of some past act of discrimination. *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558, 97 S.Ct.

1885, 52 L.Ed.2d 571 (1977).[8] As we have said, moreover, "[c]omplaints based on civil rights statutes must do more than state simple conclusions; they must at least outline the facts constituting the alleged violation." *Fisher v. Flynn*, 598 F.2d 663, 665 (1st Cir. 1979); *accord, Martin v. New York Department of Mental Hygiene*, 588 F.2d 371, 372 (2d Cir. 1978); *cf. Coates v. Illinois State Board of Education*, 559 F.2d 445, 447, 449 (7th Cir. 1977). If plaintiff meant to claim that the later refusals formed part of a continuous chain of misconduct, it was incumbent upon him to allege facts giving some indication that the later refusals were themselves separate civil rights violations.

█ Far from so doing, plaintiff alleged only that the actual transfers constituted statutory violations. Thus the complaint states that "in transferring him out of the large appliance department, transferring him to the shoe department, and then transferring him to the electrical department, the defendant discriminated against the plaintiff solely because of his religious belief (Jewish) and because of his age, and that, therefore, the defendant committed an unlawful employment practice against the plaintiff in violation of Title 42 U.S.C. Section 2000e–5 and Title 29 U.S.C. Section 626." While this sentence is preceded by reference to plaintiff's repeated unavailing requests to be transferred back to the large appliance department, Sears' alleged refusals to honor these requests are not pleaded as separate violations of the statutes. It is not said when these refusals occurred, nor are any facts stated indicating that the refusals to retransfer (as distinct from the

8. In *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977), plaintiff, a flight attendant, was forced to resign when she married in 1968. She was rehired in 1972 but treated for seniority purposes as if she were an entirely new employee. She repeatedly requested her employer to credit her with pre-1972 seniority but to no avail. In 1973 she filed a charge of sex discrimination with the EEOC. The district court dismissed her complaint as time-barred. The Supreme Court affirmed, noting *inter alia* that a continuing violation was not stated because although plaintiff's injury was ongoing, the cause of the injury was

not. The seniority system was not discriminatory because it treated all employees who were, for whatever reason, terminated in 1968 and rehired in 1972 the same. The only act in violation of Title VII was plaintiff's forced resignation in 1968. Thus, although the seniority system gave present effect to a past act of discrimination, since the discrimination itself was not ongoing the violation of Title VII was not a "continuing violation" for purposes of extending the filing period beyond 90 days from the date of plaintiff's resignation. (In 1972, 42 U.S.C. § 2000e–5(e) was amended to enlarge the filing period from 90 to 180 days.)

original transfers) were motivated by a discriminatory animus. There is, for example, no indication that when the refusals were made a position was open in the large appliance department, or would then have been opened but for discrimination against appellant. *See Moore v. Sunbeam Corp.*, 459 F.2d 811, 828 (7th Cir. 1972). A basic element of a Title VII (and ADEA) claim is that the alleged discrimination be a "determinative factor" in the injury plaintiff suffered. *Sweeney v. Board of Trustees of Keene State College*, 604 F.2d 106 at 109 (1st Cir. 1979); *see also Fisher v. Flynn*, 598 F.2d at 665. To hold, on such non-specific allegations that the complaint states more than the discrete violations specifically pleaded, would be, in effect, to negate the statutory time requirements for bringing charges. Under the construction urged by appellant, every demotion could be turned into a continuing violation merely by pleading that plaintiff had continued to protest unsuccessfully. We are not persuaded that Congress intended such an easy means of circumventing the 180-day requirements.

The three cases which appellant cites in support of his contention that the complaint states continuing violations are largely distinguishable, and to the extent not, we decline to follow them. In *Vera v. Bethlehem Steel Corp.*, 448 F.Supp. 610, 615 (M.D.Pa. 1978), the court found that the complaint "refers to discriminatory policies which were of a continuing nature" as being the cause of plaintiffs' assignment to, and failure to be advanced from, their positions as unskilled laborers. Thus, the complaint stated that the discrimination, as well as the injury, was ongoing. Even so, we need not decide if these bare conclusory allegations, standing alone, would be adequate in our view to state a viable claim of a continuing violation. *See* Rule 12(b)(6), Fed.R. Civ.P.; *see Fisher, supra.*

In *Zagars v. Gettysburg College*, 446 F.Supp. 1178, 1178–79 (M.D.Pa.1978), summary judgment for defendant was denied

because plaintiff's affidavit alleged that she was repeatedly refused a promotion "which she was originally promised." The district court held that this allegation raised a question of fact as to whether the discrimination against plaintiff was ongoing. The allegation that she was at one time promised the position to which she was seeking a promotion provides some evidence that the repeated refusals to promote plaintiff were due to wrongdoing. We do not decide whether, even so, we would have found this allegation sufficient by itself to imply that the wrongdoing was continuing.

In *Corbin v. Pan American World Airways, Inc.*, 432 F.Supp. 939, 944 (N.D.Cal. 1977), the complaint stated that when plaintiff repeatedly but unsuccessfully requested a promotion, the position he sought was available. Plaintiff also alleged that in his present job he was required to perform the same work as six non-black employees but for less pay. These allegations read together were found to make out a claim of ongoing discrimination. The court held that "[v]iewing the allegations in the light most favorable to plaintiff, discrimination occurs with the receipt of each paycheck and the award of each Lead Clerk opening." While the court may have been right in those circumstances, the instant facts are plainly different.

We find no merit in appellant's argument that the district court was engaging, improperly, in fact-finding when it allowed the motion to dismiss. The court, taking all the pleaded facts as true, could read no reasonable conclusion other than that the claims were untimely. Likewise, we find no merit in appellant's argument that whether appellee's refusals were due to ongoing discrimination was a matter for discovery, and did not have to be alleged. In *Fisher* we held that lack of discovery is not an excuse for failing to allege in the complaint facts sufficient to outline the bare bones of the Title VII claim. 598 F.2d at 665.[9]

---

9. The district court found that the 180-day period for filing a charge with the EEOC is a jurisdictional prerequisite to a Title VII action.

We need not, and thus do not, reach this issue. Our holding is that appellant's employment discrimination charges were not filed with the

*The judgment of the district court is affirmed.*

appropriate agencies within the statutorily required time periods and, even if these periods could be tolled in some circumstances (a question we do not reach today), there is no reason for tolling them in the present case.

Neither the district court nor this court reached the issue whether appellant's ADEA claim was barred by the two year statute of limitations. *See* 29 U.S.C. §§ 255(a) & 626(e)(1).