608

**Hans LORENTZEN, Plaintiff**
**v.**
**THE TRUSTEES OF BOSTON**
**COLLEGE, et al., Defendants**

**No. 80-569-MC**

United States District Court
Commonwealth of Massachusetts

**July 24, 1981**

Hans Lorentzen Pro Se, counsel for plaintiff
Court Appointed Richard E. Welch III Esq., counsel for plaintiff
Philip Burling, counsel for defendants

## MEMORANDUM AND ORDER

McNAUGHT, D.J. In this Title VII, 42 U.S.C. sec. 2000 et seq., action the plaintiff, Hans Lorentzen, claims that Boston College (BC) discriminated against him because of his nationality. Mr. Lorentzen is a Dane. BC has moved for summary judgment. At the hearing on this motion, BC argued that Lorentzen did not file his complaint of discrimination with the Equal Employment Opportunity Commission (EEOC) within the time limitations of 42 U.S.C. sec. 2000e-5(c) and (e).[1] Lorentzen contended that his EEOC complaint was timely because the discriminatory acts of BC continued to June of 1974 and did not end with his allegedly discriminatory discharge in June of 1973.

A review of the relevant events, culled from Lorentzen's complaint, his amended complaint, the parties' affidavits, and a stipulation between the parties, is essential to a determination of this motion. Lorentzen was employed as an Instructor in the Romance Languages Department at BC from September, 1969 to June, 1973. The contract under which

[1] Section 2000e-5(c) of 42 U.S.C. provides in pertinent part:

"In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no charge may be filed under sub-section (b) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated, provided that such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such State or local law."

Section 2000e-5(e) of 42 U.S.C. provides in pertinent part:

"A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred ... except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier..."

Lorentzen was employed specified a renewable term of one year; it was renewed for the academic years 1970-1971, 1971-1972, and 1972-1973. The final renewal (Ex. B3 of the Stipulation), signed by Lorentzen, stated that in accordance with the University Statutes, no further renewal in the rank of Instructor could be granted to Lorentzen.

By a letter dated June 20, 1972, Lorentzen was notified by BC that his contract would not be renewed after its expiration in June, 1973. His employment as Instructor did cease at that time. Lorentzen was hired in December, 1973, to teach two courses (not in the Romance Languages Department), on a part-time basis, in the spring semester of 1974. This part-time employment ended in June of 1974.

Lorentzen wrote to the then U.S. Attorney, James Gabriel, alleging acts of discrimination on BC's part; he asserts that this letter was sent in March of 1974. Gabriel forwarded Lorentzen's allegations to the Civil Rights Division of the Justice Department, which then forwarded the charged to the EEOC. These charges were received by the EEOC on August 15, 1974. On August 26, 1974, Lorentzen filed a formal charge of employment discrimination against BC with the EEOC. On September 30, 1974, he filed a charge of employment discrimination against BC with the Massachusetts Commission Against Discrimination (MCAD). The MCAD ruled unfavorably to Lorentzen on December 21, 1977. He received a right-to-sue letter from the EEOC in February, 1980, and filed this complaint.

If matters ended there, the decision on this motion would be an easy one to make. Whether the date of accrual for an employment discrimination claim is the date of notice of termination, see **Delaware State College v. Ricks,** 49 U.S.L.W. 4058 (December 16, 1980) (date of notice of denial of tenure begins running of time limitations under Title VII), or whether it is the date of termination, see **Fernandez v. Chardon,** No. 80-1237 (1st Cir. May 8, 1981) (cause of action under 42 U.S.C. sec. 1983 accrues on date of termination), Lorentzen's filing with the EEOC is clearly beyond the time limitations of either 42 U.S.C. sec. 2000e-5(c) or (e). Lorentzen was notified in June of 1972 that his contract as an Instructor would not be renewed after the 1972-1973 academic year. His employment as an Instructor terminated in June of 1973. Lorentzen filed his charge with the EEOC on November 30, 1974 (sixty days after his filing with the MCAD on September 30, 1974), well beyond the time limitations of Title VII.

Lorentzen, however, alleges more than this single discriminatory act; he alleges new and continuing violations of Title VII up to the very end of his association with BC in June of 1974. He contends that BC's continued refusals to grant him a hearing on his termination, his removal by BC from his office, and other acts by BC constitute new violations of Title VII and convert his termination into a continuing violation of Title VII.

Ordinarily, termination of employment is a one-time violation. **Daughtry v. King's Department Stores, Inc.,** 608 F.2d 906, 909 (1st Cir. 1979). To state a continuing violation, a complaint must indicate that not only the injury, but the discrimination is ongoing. **Goldman v. Sears, Roebuck & Co.,** 607 F.2d 1014; 1018 (1st Cir. 1979). In order for Lorentzen's claims to be timely filed, a new, discrete violation of Title VII had to have occurred in the 300 days prior to his filing with the EEOC. Once such a violation is established, all of the acts of BC will be considered to have been the subject of a timely complaint.

Under **Mohasco Corp. v. Silver,** 447 U.S. 807 (1980), in a deferral state such as Massachusetts, a charge cannot be considered as filed with the EEOC until after the expiration of a 60-day period

following the date of filing with the appropriate state agency (the MCAD), or termination of the state proceedings, whichever comes first. Here, Lorentzen filed his complaint with the MCAD on September 30, 1974; the MCAD found unfavorably to Lorentzen in December of 1974. The earliest filing date with the EEOC, therefore, is November 30, 1974, 60 days after the MCAD filing. Whatever acts Lorentzen contends constituted new and discrete violations of his civil rights must have occurred within the 300-day period prior to November 30, 1974 (February 4, 1974, to November 30, 1974).

Unless a new act of discrimination occurred in that 300-day period prior to November 30, 1974, there is no continuing violation of Lorentzen's civil rights and summary judgment must be granted.

The acts which Lorentzen contends transform his complaint into one for a continuing violation of his civil rights are that:

(1) in 1971 BC unilaterally altered the terms of his contract as an Instructor;

(2) in 1972 BC refused to honor valid courses as credits towards his doctorate;

(3) from 1971 through 1974 agents of BC spread false rumors about him to other unidentified persons;

(4) from June, 1972, to June, 1974, he was continually refused a hearing on the termination of his position as Instructor;

(5) in June of 1973 other unidentified persons with similar qualifications were allowed to continue their employment at BC or were granted hearings;

(6) in June of 1973 someone made remarks concerning the immorality of "Vikings";

(7) in January of 1974 he was removed from an office at BC;

(8) BC took actions to impede progress on his doctorate; and

(9) in June, 1974 BC discharged him without hearing from his part-time position.

The above-listed actions which occurred prior to February 4, 1974, are clearly beyond the 300-day cut-off date and cannot constitute the basis for a continuing violation.

Lorentzen's allegation that agents of BC spread false rumors about him is too vague and conclusory. Lorentzen fails (1) to allege personal knowledge, (2) to identify the persons who allegedly spread the rumors, (3) to give any specifics regarding the content of the rumors, (4) to indicate to whom and when the rumors were spread, and (5) to connect those rumors to his claim of employment discrimination. The allegation does not satisfy the personal knowledge requirement of Fed.R.Civ.P. 56(e) and it is much too vague concerning the people involved and the dates on which it occurred to raise a genuine issue of fact regarding alleged employment discrimination.

Lorentzen argues that BC's continued refusals to grant him a hearing regarding his termination were violations of his civil rights. Even assuming that Lorentzen's requests and BC's denials did occur, they do not constitute a continuing violation of Lorentzen's civil rights. The allegedly discriminatory act occurred when BC **initially** denied Lorentzen a hearing in June of 1972 (Lorentzen Affidavit, P 5). It was a one-time violation, clearly outside of the 300-day period prior to November 30, 1974.

BC's alleged repeated refusals to grant a hearing through June of 1974 are not new and discrete acts of discrimination. To view them as such would be to do away with the time requirements for filing discrimination charges; a plaintiff who alleged discriminatory denials of his right to a hearing would merely have to plead that he unsuccessfully continued to seek a

hearing. See, **Goldman v. Sears, Roebuck & Co.,** 607 F.2d 1014, 1019 (1st Cir. 1979).

Lorentzen's claim regarding alleged interference with his doctoral studies is too vague and unsupported to establish a genuine issue of fact regarding discriminatory acts of BC in the relevant time period.

Lorentzen's part-time teaching appointment for the spring semester of 1974 and the eventual termination of that position do not constitute new acts of discrimination by BC. Lorentzen's status as a part-time employee is one **effect** of his termination; it is not a new and discrete violation of his civil rights. See, **United Air Lines, Inc. v. Evans,** 431 U.S. 553, 558 (1977).

Lorentzen accepted the part-time position in December of 1973 knowing it to be terminal at the end of the spring semester. His allegation that the termination was discriminatory is conclusory, vague, and unsupported by any facts. As the First Circuit has said, "complaints based on civil rights statutes must do more than state simple conclusions; they must at least outline the facts constituting the alleged violation." **Fisher v. Flynn,** 598 F.2d 663, 665 (1979); quoted in **Goldman v. Sears, Roebuck & Co., supra** at 1018.

Finally, Lorentzen argues that even if his filing with the EEOC was not timely, the time limitations period of 42 U.S.C. sec. 2000e-5(c) and (e) should be tolled for equitable reasons. I find that his arguments in this regard are inconsistent and fail to raise any genuine issue of fact sufficient to support his claim for equitable tolling.

For those reasons, and since Lorentzen's allegations fail to raise any genuine issue of fact in support of his claim that BC discriminated against him during the period from February 4, 1974, to November 30, 1974, and since any allegedly discriminatory acts occurring prior to that time period were not made the subject of a timely complaint, BC's motion for summary judgment must be allowed.

**John J. McNaught**
**United States District Judge**