**Juan A. Valles VELAZQUEZ, Plaintiff,**

v.

**Carlos CHARDON, et al., Defendants.**

**Enelida Rios SALAS, Plaintiff,**

v.

**Carlos CHARDON, et al., Defendants.**

**Civ. Nos. 80–2333(PG), 81–1419(PG).**

United States District Court,
D. Puerto Rico.

Dec. 14, 1983.

Cancio, Nadal & Rivera, Jesús R. Rabell Méndez, San Juan, P.R., for plaintiffs.

Armando Lasa Ferrer, Lasa, Vicente & Jiménez, Santurce, P.R., Inés Eguia Miranda, Dept. of Justice, Roberto Córdova, San Juan, P.R., for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

These cases are before the Court upon plaintiffs' motions to vacate our Order of October 21, 1983. In said Order we granted the motions for summary judgment filed by defendants in each of the above-captioned cases. Plaintiffs assert in their mo-

tions to vacate that the Court failed to consider the allegations and arguments based on the "continuing violation" theory, which were raised by them in their respective oppositions to defendants' motions for summary judgment. After renewed consideration of plaintiffs' allegations of continuing violations, the Court still believes that the granting of defendants' motions for summary judgment was proper for the reasons stated hereafter.

We agree with plaintiffs that if the alleged violations of their civil rights are found to constitute a pattern of continuing discrimination, rather than single acts of discrimination, these cases would not be time barred. Where a plaintiff alleges claims which may be classified as "continuing" acts of discrimination, the complaint will not be barred by the applicable statute of limitations. *See generally, Goldman v. Sears, Roebuck & Co.*, 607 F.2d 1014 (1st Cir.1979), *cert. denied*, 445 U.S. 929, 100 S.Ct. 1317, 63 L.Ed.2d 762 (1980); *Williams v. Owens-Illinois, Inc.*, 665 F.2d 918 (9th Cir.), *cert. denied*, — U.S. —, 103 S.Ct. 302, 74 L.Ed.2d 283 (1982); *Tarvesian v. Carr Division of TRW, Inc.*, 407 F.Supp. 336 (D.Mass.1976). However, plaintiffs herein have failed to state a continuing violation with the required specificity.

In *Goldman v. Sears, Roebuck & Co.*, *supra*, the United States Court of Appeals for the First Circuit announced the standard for determining when a continuing violation is stated:

"To state ... a continuing violation ... a complaint must indicate that not only the injury, but the discrimination, is in fact ongoing.... A continuing violation is not stated if all that appears from the complaint is that the plaintiff continues to suffer from the ongoing effects of some past act of discrimination. *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558, 97 S.Ct. 1885 [1889], 52 L.Ed.2d 571 (1977). As we have said, moreover, *'(c)omplaints based on civil rights statutes must do more than state simple conclusions; they must at least outline facts constituting the alleged violation.'*

*Fisher v. Flynn,* 598 F.2d 663, 665 (1st Cir.1979); *accord, Martin v. New York Department of Mental Hygiene,* 588 F.2d 371, 372 (2d Cir.1978); *cf. Coates v. Illinois State Board of Education,* 559 F.2d 445, 447, 449 (7th Cir.1977)."

607 F.2d at 1018 (emphasis added). In *Goldman,* the Court of Appeals held that where plaintiff's complaint alleged that employer's transfer of plaintiff to various departments in employer's department store constituted violations of Title VII and Age Discrimination in Employment Act, reference to plaintiff's repeated unavailing requests to be transferred back to his original department and employer's alleged refusal to honor those requests was insufficient to state a continuing violation of the statute.

■ The *Goldman* court explained that if plaintiff meant to claim that the employer's alleged refusals to transfer him to his original department formed part of a continuous chain of misconduct, "it was incumbent upon him to allege *facts* giving some indication that the ... refusals were themselves separate civil rights violations." *Id.* (emphasis added). The court added:

"It is not said when these refusals occurred, nor are any *facts* stated indicating that the refusals to retransfer (as distinct from the original transfers) were motivated by a discriminatory animus. There is, for example, no indication that when the refusals were made a position was open in the large appliance department, or would then have been opened but for discrimination against appellant.... To hold, on such non-specific allegations that the complaint states more than the discrete violations specifically pleaded, would be, in effect, to negate the statutory time requirements for bringing charges. Under the construction urged by [plaintiff], every demotion could be turned into a continuing violation merely by pleading that plaintiff had continued to protest unsuccessfully."

*Id.,* at 1018–1019 (citations omitted) (emphasis added). It thus seems clear that a plaintiff alleging a continuing violation would have to outline the *facts* constituting the alleged *present* violation. *See, United Air Lines v. Evans,* 431 U.S., at 558, 97 S.Ct., at 1889 ("the emphasis should not be on mere continuity; the critical question is whether a *present* violation exists") (emphasis added).

■ Moreover, a plaintiff may not circumvent the applicable limitations period merely by labeling an act a "continuing" violation. *Corbin v. Pan Am. World Airways, Inc.,* 432 F.Supp. 939, 944 (N.D.Cal. 1977); *Tarvesian v. Carr Division of TRW, Inc., supra,* at 340. As noted in *Olson v. Rembrandt Printing Co.,* 511 F.2d 1228, 1234 (8th Cir.1975), "to construe loosely 'continuing' discrimination would undermine the theory underlying the statute of limitations."

Thus, a plaintiff in a civil rights case alleging a continuing violation must do more than simply state conclusions or subjective characterizations, or merely label an act a "continuing" violation. *See generally, Fisher v. Flynn, supra,* at 665; *Kadar Corp. v. Milbury,* 549 F.2d 230, 233 (1st Cir.1977). The United States Court of Appeals for the First Circuit insists on at least the allegation of a minimal factual setting. *Dewey v. University of New Hampshire,* 694 F.2d 1, 3 (1st Cir.1982). In *Dewey,* the court stated:

"We require more than conclusions or subjective characterizations. We have insisted on at least the allegation of a minimal factual setting. It is not enough to allege a general scenario which could be dominated by unpleaded facts, *O'Brien v. DiGrazia,* 544 F.2d 543, 546 n. 3 (1st Cir.1976); nor merely to allege without specification that defendants used their powers generally with respect to various governmental bodies to plaintiff's prejudice, *Kadar Corp. v. Milbury,* 549 F.2d 230 (1st Cir.1977); nor to allege in general terms termination of a job because of plaintiff's refusal of romantic advances made by a superior, *Fisher v. Flynn,* 598 F.2d 663 (1st Cir.1979); nor to allege simply that plaintiff suffered an

adverse prison decision because he had filed a complaint on unspecified matters in court, *Leonardo v. Moran,* 611 F.2d 397 (1st Cir.1979); nor, finally, to allege that one's constitutional rights had been violated by some undescribed surveillance, *Glaros v. Perse,* 628 F.2d 679 (1st Cir.1980)."

694 F.2d at 3. Specifically, referring to cases brought pursuant to 42 U.S.C.1983, the court stated:

"We recognize the great utility of 42 U.S.C. 1983 as an instrument of justice in the hands of the weak against the mighty, but we also are aware of the impact of its misuse. Therefore, although we must ask whether the 'claim' put forward in the complaint is capable of being supported by any conceivable set of facts, *we insist that the claim at least set forth minimal facts, not subjective characterizations, as to who did what to whom and why.* In so requiring, we are not alone. At least four other circuits keep us company: *United States v. City of Philadelphia,* 644 F.2d 187 (3d Cir.1980); *Cohen v. Illinois Institute of Technology,* 581 F.2d 658 (7th Cir.1978); *Anderson v. Sixth Judicial District Court,* 521 F.2d 420 (8th Cir. 1975); *Albany Welfare Rights Organization Day Care Center, Inc. v. Schreck,* 463 F.2d 620 (2d Cir.1972)."

*Id.* (emphasis added)

The complaint in *Dewey* alleged in Count I that plaintiff, over a period of six years prior to the decision by co-defendant Spitz that plaintiff would have to retire at the end of the 1977–78 academic year because of University policy requiring retirement at age 65, spoke on a number of issues of public interest involving the University, disagreeing with co-defendant Spitz. . Plaintiff alleged that the enforcement of the University retirement policy in his case was in retaliation for past exercise of his First Amendment rights. The court found that despite the fact that nearly eight months elapsed from the filing of the complaint (July 29, 1981) to the filing of a second motion to amend it (March 12, 1982), during which time the complaint had been challenged for lack of specificity, plaintiff made "no effort to fill in the gaps as to the nature of the issues discussed, the particular occasions, their recentness or remoteness, the position of the University, the importance of the controversy, the prominence or lack of prominence of plaintiff's comments." *Dewey,* 694 F.2d, at 4. The First Circuit affirmed the district court's dismissal of Count I of the complaint for failure to state a claim, emphasizing that:

"If such a skeletal set of bland allegations were held to state a cause of action, any employee could put a defendant to its proof or at least force it to affidavits simply by saying: 'Over the past ten years my immediate superior and I have talked about various issues of public interest concerning the company (college, agency, store). Occasionally I disagreed with him. This is why I wasn't kept on the payroll.' Such a conclusory charge of retaliation for wholly unidentified talk would be a cheap way of invoking the elaborate apparatus of a trial, despite the most formidable justification proffered by an employer."

*Id.*

In addition, the *Dewey* court affirmed the district court's dismissal of Count V of the complaint for the same reason that it affirmed the dismissal of Count I. Count V alleged a denial of Equal Protection in that other individuals were more favorably treated regarding post-retirement employment. The court held that the allegations in Count V were simply too conclusory to state a claim that plaintiff was denied the equal protection of the laws in view of the fact that "(p)laintiff failed to mention who the similarly situated individuals were, what their qualifications were, what opportunities they were given, what opportunities he was denied or how he was qualified to take advantage of those opportunities." *Id.,* at 5.

Furthermore, this Court has unequivocally stated in the past that conclusory allegations are insufficient to adequately satisfy the criteria of pleading a cause of action

under 42 U.S.C.1983. *See generally, Comtronics, Inc. v. Puerto Rico Tel. Co.,* 409 F.Supp. 800 (D.P.R.1975) ("(m)ere conclusionary allegations, no matter how strongly worded, are not sufficient" to establish Civil Rights Act jurisdiction); *Federación de Coop. de Crédito de Puerto Rico v. Burgos,* 366 F.Supp. 1321 (D.P.R.1973); *El Mundo, Inc. v. Puerto Rico Newspaper Guild,* 346 F.Supp. 106 (D.P.R.1972).

We now proceed to consider the allegations of the plaintiffs in the cases at bar in light of the preceding case law. In essence, plaintiffs allege that since their demotion there has been an ongoing policy of discrimination against them at the Department of Education solely because of their political affiliation. The alleged ongoing policy of discrimination is said to constitute a "continuing violation" of plaintiffs' civil rights. Specifically, each plaintiff alleges that:

> "After plaintiff['s] demotion at the end of school year 1976–77, plaintiff has been suffering from different discriminatory acts, executed [sic] by defendants against them, which constitutes a 'continuing violation'. The refusal of promoting plaintiff to higher positions in different ocassions [sic] after his/her demotion, to not include plaintiff's name in the certificate of eligibles as a candidate for higher position, to restrain his/her functions and/or responsibilities, the lack of facilities and material, and the constant persecution, solely because of plaintiff's political affiliation, clearly are not one single discriminatory act, executed by defendants. Since plaintiff's demotion, they have been suffering from the mentioned continuing violation."

Plaintiffs' Motions and Memoranda of Law in Opposition to Defendants' Motions for Summary Judgment, at 9–10. In their respective oppositions to defendants' motions for summary judgment plaintiffs maintain that specific facts were alleged in their complaints regarding the ongoing policy of discrimination and offer portions of their answers to defendants' interrogatories and of their depositions as evidence of the alleged continuing violations.

■ We fail to see how the allegations in the complaint, together with the statements made during plaintiffs' depositions and in their answers to the interrogatories, despite reading these in the light most favorable to plaintiffs, amount to anything more than simple conclusions and/or subjective characterizations of defendants' motives and actions. First, plaintiffs make reference to defendants' alleged refusals to promote them, or to include their names in the "Certificates of Eligibility" for higher positions within the department. However, plaintiffs go no further than simply to allege that they have "competed for several positions in the department and have never been selected, although he/she is qualified to hold said positions." In these cases, as in *Goldman, supra,* "(i)t is not said when these refusals occurred, nor are any *facts* stated indicating that the refusals to [promote] ... were motivated by a discriminatory animus." 607 F.2d at 1018–1019 (emphasis added). For example, in their complaints plaintiffs do not identify any individual or individuals who received a promotion or advancement in preference to them. *See, Nishiyama v. North American Rockwell Corporation,* 49 F.R.D. 288, 294 (C.D. Cal.1970). Although in their respective depositions plaintiffs mentioned the names of a couple of persons who allegedly substituted them in their positions after they were demoted, or were selected in preference to them for promotions within the Department of Education, they failed to mention what the qualifications of those who were promoted in preference to them were, what opportunities they were given, what opportunities they themselves were denied, or *how* they themselves were qualified to take advantage of those opportunities. *See, Dewey, supra,* at 5. In fact, plaintiffs stated in their answers to several questions that they could not remember the names of all those persons who competed with them for higher positions, or even the names of all those who were selected in preference to them. In addition, plaintiffs were not able to say with certainty that all those who were selected in preference to

them were affiliated with political parties other than the one to which they themselves belong. Instead, plaintiffs simply stated that they "understood" that the persons or some of the persons ultimately selected were members of a party other than their own, and that they "understood" that they themselves had better qualifications than those who were selected for promotions. Thus, we cannot accept plaintiffs' subjective characterizations of defendants' motives and actions. Plaintiffs' allegations are simply too conclusory to state a claim that plaintiffs were discriminated against in being denied promotions. *See, Fisher v. Flynn, supra; Kadar Corp. v. Milbury, supra.*

Second, plaintiffs allege in their motions that defendants have discriminated against them in the assignment of responsibilities and in the distribution of facilities and materials. They claim, in addition, that they have been subjected to constant persecution by defendants solely because of their political affiliation. To substantiate her allegations, plaintiff Enélida Ríos Salas (Civil No. 81–1419) simply offered the statements made by her in her answers to defendants' interrogatories to the effect that the director of the school where she worked "continuously discriminated against [her] regarding the designation of school facilities, responsibilities, education, and materials, etc. Mr. Méndez Frankie urged me to work on my lunch hours in the school dining room." Further, in her deposition we found a statement to the effect that she was suffering from persecution in the classrooms. Defendants' attorney asked plaintiff Ríos Salas to describe the kind of persecution she was suffering from. The following colloquy took place between plaintiff and defendants' attorney:

Q. What kind of persecution?

A. Various situations that have arisen, bothersome situations that arisen.

Q. Like what? Please explain.

A. Denied materials. I have been denied the use of accumulative cards; I am forced to carry out activities that are not in accordance with the established norms.

Q. Like what kind of activities?

A. For example, the holdings or celebration of graduations, interclosing ceremonies; the conditions of my classroom are deplorable.

However, no *factual* allegations were made to the effect that other persons received better treatment than plaintiff Ríos Salas, nor are any facts stated indicating that the alleged persecution and/or unequal treatment were motivated by a discriminatory animus. In the case of plaintiff Juan Vallés Velázquez (Civil 80–2333) we were not able to find in his motion or in his deposition any *factual* support for his allegations of discrimination in the assignment of responsibilities and materials and of constant persecution. Thus, we find that plaintiffs' allegations amount to nothing more than simple conclusions, naked assertions, and their own subjective characterizations of defendants' motives and actions.

In conclusion, we find that the plaintiffs in the above-captioned cases have failed to allege a charge of continuing discrimination with the required specificity. Plaintiffs' allegations are completely devoid of any factual support. No facts were stated in the complaint supporting plaintiffs' allegations of continuing discrimination, and the statements made by plaintiffs during their depositions and in their answers to defendants' interrogatories consist only of their own characterizations and conclusions of defendants' actions and motives. Plaintiffs have thus failed to meet the pleading requirement set forth by the First Circuit Court of Appeals in *Fisher v. Flynn, supra,* to the effect that complaints based on civil rights statutes must at least outline the facts constituting the alleged violation. "It is not sufficient to merely allege the existence of a 'continuing violation'." *Jacobs v. Board of Regents, etc.,* 473 F.Supp. 663, 667 (S.D.Fla.1979) (quoting *Tarvesian v. Carr Division of TRW, Inc., supra*). Plaintiffs herein have done nothing more.

THEREFORE, in view of the foregoing, plaintiffs' motions to vacate our Order of October 21, 1983, are hereby DENIED.

IT IS SO ORDERED.