Antonia **LOPEZ MORALES, Plaintiff,**

v.

Mercedes **OTERO de RAMOS, et al., Defendants.**

**Civ. No. 88–1765(JAF).**

United States District Court,
D. Puerto Rico.

Nov. 8, 1989.

Juan G. Casasnovas–Luiggi, Francisco Dolz–Sánchez, San Juan, P.R., for plaintiff.

Francisca Santiago–Negron, Federal Litigation Div., Dept. of Justice, Com. of Puerto Rico, San Juan, P.R., for defendants.

## OPINION AND ORDER

FUSTE, District Judge.

This case is before the court on defendants' two unopposed motions for summary judgment. Fed.R.Civ.P. 56. Plaintiff is the mother of Francis Torres López, an inmate who was confined to La Pica Penal Camp in Jayuya, Puerto Rico. Mr. López died on October 18, 1987 due to a "status asmaticus" while on the way to the Jayuya Health Center. Plaintiff alleges that the death of her son deprived her of a "right to motherhood" under the fourteenth amendment. Plaintiff also claims that the defendants demonstrated deliberate indifference towards decedent's medical condition, constituting cruel and unusual punishment un-

der the eighth amendment. These two alleged constitutional violations form the basis of plaintiff's Section 1983 claim.[1] Defendants are supervisors and executives in the Corrections Administration.[2] Defendants argue that plaintiff has not pleaded a cognizable claim under 42 U.S.C. Section 1983. We agree and adjudicate this summary judgment incident in favor of defendants.[3]

In order to establish a valid 42 U.S.C. section 1983 claim plaintiff must indicate that (1) the conduct complained of was committed by a person acting under color of law; and (2) that this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Voutour v. Vitale,* 761 F.2d 812, 819 (1st Cir.1985) (*quoting Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981)). Plaintiff's complaint fails on several counts. First, it does not state a sufficient causal nexus between defendants' actions and the alleged constitutional violation. Secondly, a "right to motherhood" is not a constitutional guarantee and therefore is an inappropriate basis for a Section 1983 claim.[4] Third, the record does not support the inference that the defendants demonstrated deliberate indifference to decedent's medical needs.

### A. *Causation under Section 1983.*

■ In *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court rejected respondeat superior as a basis for

1. The complaint itself does not specifically allege a claim under 42 U.S.C. section 1983. However, we, as well as the defendants, recognize the civil rights statute to be the best way to address these alleged constitutional violations.

2. The positions of the particular defendants are as follows: Dra. Mercedes Otero–Administrator; Dr. Miguel Poupart–Sub–Director; Jaime Silvestrini–Coordinator of Medical Services; Ivoll Martínez and Octavio Fernández–Administrators of La Pica Camp; María S. Ortiz and Víctor Rivera-coordinator of medical services at La Pica; Dr. Víctor Marrero, Dr. Fernando Carreras-treating physicians at Camp La Pica; Dr. Andrés Moret–Director of Medical Services to all inmates from the Department of Health; Dr.

Raúl Villalobos–Coordinator of Health Services form the Central Office of the Department of Health.

3. Courts will grant summary judgment motions only where there is no genuine issue of material fact and the movant is entitled to a favorable disposition of the case as a matter of law. 10 C. Wright, A. Miller and M. Kane, *Federal Practice and Procedure* § 2712 (1983). The facts will be considered in the light most beneficial to the nonmoving party, in this case the plaintiff. *Id.*

4. Because plaintiff fails to allege a valid 42 U.S.C. section 1983 claim, we do not address the issues of qualified immunity asserted as affirmative defenses by defendants.

section 1983 liability of supervisory and administrative officials. Instead, the Court found that the basis for imposing liability was the concept of causation and fault by a particular defendant. *See City of Oklahoma City v. Tuttle,* 471 U.S. 808, 818, 105 S.Ct. 2427, 2433, 85 L.Ed.2d 791 (1985); *Voutour v. Vitale,* 761 F.2d 812, 819 (1985). Thus, plaintiff must allege that the officials were personally involved in the deprivation of constitutional rights. *Fernández v. Chardón,* 681 F.2d 42 (1st Cir.1982).

■ Plaintiff claims that the transfer of Mr. López to La Pica Camp proximately caused his death because the camp did not have adequate medical facilities to treat decedent's asthma. The complaint alleges that the custody officers, Carlos Torres Arce and Tomás Jiménez Ríos, failed to treat the decedent, but does not name them as defendants in this action. Complaint, ¶ 38. Instead, plaintiff claims that their "deliberate indifference is ... directly imputable to the defendants," a position the Supreme Court has pointedly rejected. *See Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Complaint, ¶ 38. The only direct involvement alleged in the complaint is by defendant Miguel Poupart, who approved decedent's transfer to La Pica Camp. The record indicates that the decedent was indeed treated for his condition at the camp and that he had numerous visits to both the Jayuya and Ponce hospitals. Thus, we fail to see the connection between the transfer and decedent's death.

As to all other defendants, plaintiff has not alleged any affirmative acts or omissions sufficient to demonstrate personal involvement. The First Circuit has indicated that "[C]omplaints based on civil rights statutes must do more than state simple conclusions; they must at least outline the facts constituting the alleged violations". *Goldman v. Sears, Roebuck & Co.,* 607 F.2d 1014, 1018 (1st Cir.1979). Plaintiff

must present minimal facts, not subjective characterizations. *Dewey v. University of New Hampshire,* 694 F.2d 1, 3 (1st Cir. 1982). Aside from enumerating their positions and duties, plaintiff has done nothing to affirmatively link defendants to Mr. López' death. Thus, we dismiss the section 1983 claim because plaintiff has failed to plead a sufficient causal nexus between defendants' actions and decedent's death. However, even if we were to find causation, we would still dismiss the claim because plaintiff has not alleged violations of constitutional proportions.

### B. *Right to Motherhood.*

■ Plaintiff has also failed to allege a deprivation of a federally protected constitutional right required in a section 1983 action. Plaintiff claims that as a result of Mr. López' death she was deprived of decedent's love, companionship and affection in violation of her "right to motherhood" under the fourteenth amendment. However, neither the Supreme Court nor the First Circuit have recognized a constitutional right to motherhood.[5] In *Valdivieso Ortiz v. Burgos,* 807 F.2d 6 (1st Cir.1986), the court affirmed the district court's dismissal of stepfather's and siblings' Section 1983 claim holding that the concept of personal liberty under fourteenth amendment did not encompass an interest in companionship. The appellate court reasoned that recognizing a section 1983 claim in these cases would constitutionalize adjudication in many inappropriate contexts, especially where state causes of action provided adequate compensation for injured relatives. *Id.* at 9. We find *Valdivieso* controlling in the instant case as well. Granting plaintiff a federal cause of action under Section 1983 would be tantamount to duplicating all the alternatives available to plaintiff at the local level, while at the same time extending the definition of liberty outside those parameters carefully drawn by the Supreme Court. We decline to explore uncharted territory in this case. Unfortunately, not every important interest is

---

5. The Supreme Court has only protected the parent when government action directly affects or severs the legal relationship with a child. The Court has refused to hear due process chal-

lenges to government action which incidentally touches the parental relationship. *Valdivieso Ortiz v. Burgos,* 807 F.2d 6, 7–8 (1st Cir.1986).

guaranteed constitutional protection. *Id.* at 10.

### C. *Eighth Amendment.*

 Plaintiff alleges that defendants acted in "bad faith and with an evil heart" in transferring decedent to La Pica Camp, thereby violating the eighth amendment's proscription against cruel and unusual punishment. Complaint, ¶ 57. The Supreme Court has held that for conduct to constitute "unnecessary and wanton infliction of pain," *Gregg v. Georgia,* 428 U.S. 153, 182, 96 S.Ct. 2909, 2929, 49 L.Ed.2d 859 (1976), it must be "deliberately indifferent" to the serious medical needs of prisoners. *Estelle v. Gamble,* 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). The Court later explained in *Whitley v. Albers,* 475 U.S. 312, 322, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986), that "[i]t is obduracy or wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."

Plaintiff's allegations fall short of meeting this standard. Although the record does show that defendants transferred the decedent to La Pica with knowledge of his asthma condition, it does not support the inferences that defendants deliberately denied him necessary medical treatment. The official Medical Report, sworn to by Drs. Andrés Moret and Raúl D. Villalobos, indicates that Mr. López visited the medical area at Camp La Pica nine times and that he visited the Jayuya and Ponce hospitals six times each. Plaintiff does not allege that Mr. López was turned away when he requested medical treatment or that he was given inadequate services. Indeed, a footnote to the report states that he was "receiving secondary medical services in the Internal Medicine Department of the Ponce Regional Hospital." This conduct does not support a charge of deliberate indifference; accordingly, we find that defendants did not violate the eighth amendment.

### D. *Conclusion.*

Plaintiff has failed to meet the requisite showing for a section 1983 claim. Plaintiff has not pled a sufficient causal nexus between defendants' actions and decedent's death. In addition, plaintiff has not established any violations of constitutional magnitude which section 1983 seeks to redress. Accordingly, we grant defendant's summary judgment motion.

Judgement is hereby granted in favor of defendants.

IT IS SO ORDERED.