Richard A. CAMPANA,
Plaintiff, Appellant,

v.

John T. ELLER, et al.,
Defendants, Appellees.

No. 84–1210.

United States Court of Appeals,
First Circuit.

Heard Oct. 1, 1984.

Decided Feb. 27, 1985.

T. Eller and John MacLeod entered February 7, 1984 after a 12 day jury trial in the District of Massachusetts in this civil rights action brought pursuant to 42 U.S.C. §§ 1983 and 1985 (1982).

Essentially, Campana's complaint alleged that Eller and MacLeod[1] had entered into an illegal conspiracy, the object of which was to terminate him from his employment at the Massachusetts Housing Finance Agency ("MHFA"), and then to falsify to the MHFA Board of Directors the reasons for his termination in order to deny Campana the hearing to which he claims he was entitled.

The appeal also brings up for review an order entered March 5, 1984 denying Campana's post-trial motions pursuant to Fed. R.Civ.P. 59 to alter or amend the judgment or for a new trial. In these motions Campana claimed that the court committed error in several of its rulings, and that the court was guilty of conduct which prejudiced his case.

For the reasons stated below, we affirm.

## I.

Campana was hired by MHFA as a mortgage analyst in July 1971. In 1978, he was transferred to the newly created position of MHFA office manager. As office manager, Campana was supervised first by MacLeod and then by Eller. Appellees claimed that, from 1974 until his termination in August 1979, Campana received numerous negative evaluations of his work and work habits, and that it was on this basis that his employment was terminated. Campana, on the other hand, claimed that sometime in the Spring of 1978 appellees became aware that he had approached the State Commissioner of Administration and Finance, Edward Hanley, to inform him

Christopher Pilavis, Boston, Mass., for plaintiff, appellant.

Wade M. Welch, Boston, Mass., with whom Robert F. McNeil and Donald R. Bumiller, Boston, Mass., were on brief, for defendant, appellee John T. Eller.

Joseph W. Monahan, III, Boston, Mass., for defendant, appellee John MacLeod.

Before COFFIN, BREYER, and TIMBERS *, Circuit Judges.

TIMBERS, Circuit Judge:

Appellant Richard A. Campana appeals from a judgment in favor of appellees John

---

* Of the Second Circuit, by designation.

1. The complaint also named as defendants: Edward J. King, the former Governor of Massachusetts; Edward Hanley, the Commissioner of Administration and Finance in the King administration; and Harry O'Donnell, a Board Member and Treasurer of MHFA. In a well reasoned opinion dated November 17, 1983, the district court ordered that the complaint be dismissed as against these three defendants; and in the same opinion the court ordered that the motion by defendants Eller and MacLeod to dismiss or for summary judgment be denied. No appeal has been taken from the judgment and order entered on the court's November 17, 1983 opinion.

that appellees were buying furniture improperly without a bid process, were selecting developers improperly, and were raising funds improperly for certain political candidates. He further claimed that, in retaliation for these "whistle-blowing" activities, Eller and MacLeod entered into an illegal conspiracy to terminate him from his employment, and then to trump up false charges of inadequate work habits in order to deny him a hearing before the MHFA Board of Directors. Campana claimed that he was entitled to such a hearing under Mass.Gen.Laws Ann. ch. 32, § 16(2) (West 1984) (hereinafter, "Section 16").[2] He asserted that appellees, acting under color of state law, had violated his rights under the First and Fourteenth Amendments to the United States Constitution.

Trial began on January 19 and concluded on February 4, 1984. At the close of appellees' case, the court granted their motion for partial summary judgment and/or directed verdict as to Campana's Fourteenth Amendment due process claim on the ground that Campana had actions pending in both the Boston Municipal Court and the Suffolk County Superior Court which paralleled his federal claims for reinstatement, loss of earnings or prospective earnings, loss of retirement benefits, and all other incidental expenses. To avoid the possibility of inconsistent results, the court dismissed the due process component of Campana's complaint, leaving him to his remedy in the state courts. Campana did not object to the court's ruling in this respect.

In its charge to the jury, the court stated that in order to prevail Campana must establish by a preponderance of the evidence (1) that he was engaged in speech protected by the Constitution, (2) that the exercise of that speech was the motivating factor in the decision to terminate him from his employment, (3) that the termination took place under color of state law, and (4) that he sustained damages. Although the court refused Campana's request to submit the due process claim to the jury, or to instruct the jury in the language of Section 16, Campana did not object to the charge or to the form of jury verdict prepared in accordance with the charge.

Midway through its deliberations, the jury sent a note to the court asking, among other things, whether it could separate Eller and MacLeod. The court convened a conference with counsel for the respective parties, at which time Campana's counsel suggested that the issue of individual liability either had been raised in the complaint or had been tried by the express or implied consent of the parties. Alternatively, Campana's counsel requested leave to amend his complaint to include a claim for individual liability. The court rejected Campana's suggestion that the issue had been raised and denied leave to amend the complaint, stating that appellees would be unduly prejudiced by such an amendment. The court instructed the jury, over Campana's objection, that it could not separate Eller and MacLeod.

Following the jury's verdict in favor of appellees, Campana filed the post-trial motions to alter or amend the judgment or for a new trial referred to above. These motions asserted as alleged claims of error the court's failure to separate appellees, its refusal to submit the due process issue to the jury, its refusal to instruct the jury in the language of Section 16, and certain conduct of the court during the trial which Campana claimed unfairly prejudiced his case.

This appeal followed.

**2.** Section 16(2) in relevant part provides:

"The removal or discharge of any member ... who is a veteran and has completed ten or more years of creditable service, shall not become effective unless and until a written notice thereof containing a fair summary of the facts upon which such action was based has been filed with the [Retirement B]oard.

The procedures set forth in subdivision (1) relative to delivery of copies, statement of service thereof, notice, hearing if requested, ... shall apply to all proceedings involving such removal or discharge. Unless the board shall find that such removal or discharge was justified, such member shall forthwith be restored to his office...."

## II.

We turn first to Campana's claim that the court erred in refusing to permit the jury to determine the individual liability of appellees separately. He bases his contention that this issue was raised in the complaint on Fed.R.Civ.P. 8(f), which provides, "All pleadings shall be so construed as to do substantial justice." Although this rule reflects a liberal attitude toward the construction of pleadings, *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506 (1959), placing substance before form, *United States v. White County Bridge Commission*, 275 F.2d 529, 535 (7th Cir. 1960), it of course is axiomatic that a defendant is entitled to know the nature and extent of the claim being made against him. *United States v. Classified Parking System, Inc.*, 213 F.2d 631, 633 (5th Cir. 1954). In the instant case, Campana alleged in his complaint that the claimed false reasons given for his termination were "conspired and contrived by defendants John T. Eller and John MacLeod". The complaint further alleged that "defendants John T. Eller and John MacLeod conspired and contrived to deny and deprive plaintiff an opportunity to refute the charges that the said defendants had against him...." The most liberal reading of these paragraphs provides no basis for a claim of individual liability. We note that in paragraph four of his complaint, Campana alleges that this action arises under 42 U.S.C. § 1983 as well as § 1985. Although 1983 is predicated on individual liability, the mere invoking of this statute without any further elaboration is not sufficient to raise the issue for trial. *See Fisher v. Flynn*, 598 F.2d 663, 665 (1st Cir.1979). This is not a case where a properly pleaded legal theory has been merely overlooked due to the extensive pleading of other theories, *see Gins v. Mauser Plumbing Supply Co.*, 148 F.2d 974, 976 (2d Cir.1945); rather, our reading of the complaint as a whole supports the district court's determination that *only* a conspiracy was alleged.

Alternatively, Campana contends that the issue was tried with the express or implied consent of the parties pursuant to Fed.R.Civ.P. 15(b).[3] The only basis to which Campana points for this contention is appellee Eller's affirmative response to his own counsel's question at the beginning of his direct examination as to whether Eller, as Executive Director of MHFA, had the sole authority to hire and fire personnel. The test of consent to the trial of an issue is whether a party permitted the introduction of evidence which was relevant only to that issue. *E.g., Rokowsky v. Gordon*, 531 F.Supp. 435, 437 (D.Mass.1982), *aff'd mem.*, 705 F.2d 439 (1st Cir.), *cert. denied*, 462 U.S. 1120, 103 S.Ct. 3089 (1983); 3 Moore's Federal Practice ¶ 15.13[2], at 15–170 to 175 (2d ed. 1984). It is significant that Campana's counsel objected to the introduction of this evidence. Furthermore, this evidence was relevant to at least two other issues aside from the asserted individual liability of Eller. First, it was relevant to establish the general structure and operation of MHFA. Second, it was relevant to refute the charge of conspiracy.

Campana further contends that the court erred in denying him leave to amend his complaint to conform to the evidence pursuant to Fed.R.Civ.P. 15(b) in response to the jury's question submitted to the court midway through its deliberations, referred to above. Such late pleading amendments may be allowed under Rule 15(b) at the discretion of the court, but only to the extent that the party opposing the amendment will not be unduly prejudiced. While there is no exact formula for determining what constitutes prejudice, under the circumstances of this case we are satisfied that the court properly exercised its discretion in denying leave to amend the complaint during the jury's deliberations. The complaint, as stated above, was framed in terms of a conspiracy. All dis-

---

**3.** Fed.R.Civ.P. 15(b) in relevant part provides: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."

covery and the defense at trial centered on refuting this claim. We note that, in its charge to the jury, the district court merely echoed the charging paragraphs of Campana's complaint, with little elaboration. In reviewing the entire charge, however, we are satisfied that the instruction shows no tendency to confuse or mislead the jury with respect to the applicable principles of law, and, therefore, we agree with the district court that the jury charge, as well, was framed in terms of a conspiracy. *Harrington v. United States*, 504 F.2d 1306, 1317 (1st Cir.1974).

Furthermore, Campana has shown no justification for his delay in moving to amend. *Imperial Motors, Inc. v. Chrysler Corp.*, 559 F.Supp. 1312, 1316 (D.Mass. 1983). He has not indicated that the motion was prompted by newly discovered facts or law. *Id.* Rather, the record clearly indicates that the motion was a last minute attempt to respond to the jury's question to the court during its deliberations. It would certainly have been prejudicial to have permitted Campana to "whipsaw" appellees in this manner. Experience on the trial bench has taught that there is no more sensitive point in the trial of a jury case than the moment the jury returns to the courtroom to hear the court respond to a question submitted to the court during deliberations. We cannot imagine greater prejudice to appellees than to have allowed the amendment requested by Campana at this point in the trial.

Accordingly, we hold that the court did not err in ruling that the issue of individual liability had neither been raised in the complaint nor tried by the express or implied consent of the parties; and that it did not err in denying the motion to amend the complaint during the jury's deliberations.

### III.

■ Campana further claims that the court erred in refusing to submit the due process claim to the jury and in refusing to instruct the jury in the language of Section 16. Initially, it should be re-emphasized that Campana did not object to the court's ruling at the close of appellees' case granting their motion for summary judgment and/or directed verdict as to Campana's due process claim for reinstatement and loss of wages and other benefits. Also, Campana did not object, as he was required to do pursuant to Fed.R.Civ.P. 51, to the jury instructions given by the court. His failure to make timely and proper objections to the court's instructions or refusal to charge precludes him from assigning error on appeal with respect thereto. *Nimrod v. Sylvester*, 369 F.2d 870, 872 (1st Cir.1966).

### IV.

■ This brings us to Campana's final claim of error: that conduct on the part of the court during the trial prejudiced his case. We disagree.

We have carefully examined each episode specified by Campana—separately and in the context of the entire record of this 12 day trial which has been presented to us in 13 volumes of trial transcript. We are satisfied that Campana had a fair trial and that the court's conduct did not prejudice him.

What comes through clearly from our examination of the entire record is that the court displayed the patience of Job in dealing with an extraordinarily obstreperous plaintiff and his counsel. They repeatedly disregarded the court's warnings regarding improper statements, gestures and actions in the presence of the jury. Over and over again, after the court had ruled that certain testimony was inadmissible, Campana's counsel persisted in seeking to introduce the very testimony that had been excluded. The court quite properly insisted that its rulings be respected. After all, federal trial judges are not puppets; they are expected—indeed they are duty-bound—to maintain proper decorum and order in the courtroom. That is precisely what this able, experienced and conscientious trial judge did in this case.

We believe that the trial judge fairly and succinctly summarized the situation in his

memorandum of March 5, 1984 in denying Campana's post-trial motions:

"[W]hile the record is not a tribute to model trial advocacy by any of the participants, considering the plaintiff's selective complaints in context and with regard to the whole record, I do not believe he is entitled to relief. The trial was long, the examinations of witnesses were vigorous, and the factual issues were hotly disputed. Counsel for the plaintiff, and the plaintiff himself, continually disregarded the warnings of the Court as to improper statements, gestures or actions before the jury. Unfortunately, in some instances, this conduct generated a like response. On the whole, however, I believe the plaintiff had a fair opportunity to present his admissible evidence to a jury which was attentive and conscientious and which rendered a verdict after careful and thoughtful deliberation."

AFFIRMED.