Joseph v. Factory Stores          CV-94-490-L    05/17/95

**THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Colleen F. Joseph

    v.                                    #C-94-490-L

Factory Stores of America

**ORDER ON MOTION FOR LEAVE OF COURT TO FILE
FIRST AMENDED COMPLAINT**

By motion (Doc. 15) filed April 18, 1995 plaintiff seeks, in accordance with Fed. R. Civ. P. 15(c), to amend her complaint. The defendant objects to the granting of plaintiff's motion.

PROCEDURAL BACKGROUND

Suit in this case originated in Rockingham County when plaintiff filed her complaint on August 12, 1994. Defendant then removed the case from Rockingham County Superior Court to this Court on September 21, 1994. Defendant filed its answer on September 28, 1994 and on March 2, 1995, its amended answer and counterclaim.

Plaintiff in her original complaint filed an Employment Agreement Breach of Contract Action seeking to recover the sum of $67,500.00.

The court issued a discovery schedule on November 4, 1994 establishing a discovery deadline of April 1, 1995.

The following discovery was completed.

A.  <u>By Plaintiff</u>:

December 1, 1994      Deposition of Janet Grady;

December 2, 1994      Deposition of John M. Slocum;

December 22, 1994     FSA's answer to interrogatories;

January 10, 1995      Deposition of Connell L. Radcliff;

January 10, 1995      Deposition of Barbara Stoddard; and

April 25, 1995        FSA's answers to Plaintiff's second
                      set of interrogatories.

B. <u>By FSA</u>.

November 30, 1994     Deposition of plaintiff;

January 13, 1995      Deposition of Richard G. Lannan;

February 3, 1995      Deposition of G. Robert Joseph;

February 3, 1995      Deposition of Sue C. Sullivan; and

April 7, 1995         Plaintiff's answers to inter-
                      rogatories.


On April 7, 1995, a week after discovery closed, plaintiff indicated to the defendant, in response to its interrogatories, the identity of two witnesses who would testify at trial as to plaintiff's claim for emotional injury and damage to her career development.  The damages were estimated between $327,631.00 and $386,104.00.

The amended complaint is twenty-one pages in length.  There

are seven

counts.

Count 1 is a reiteration of the original complaint.

Count 2 is also a reiteration of the original complaint further stating that she suffered injury to her career.

Count 3 sounds in contract stating that the contract was violated because plaintiff was not given ample notice as required by the contract.

Count 4 alleges a violation of good faith in the breach of the contract.

Count 5 alleges negligent infliction of severe emotional distress.

Count 6 alleges intentional infliction of severe emotional distress.

Count 7 alleges punitive damages.

The defendant objects to plaintiff's motion with respect to counts 5, 6 and 7 on the basis of undue delay in filing the motion and unfair prejudice to the plaintiff.


DISCUSSION

The decision to grant or deny a Rule 15 motion to amend lies within the sound discretion of the district court. Tiernan v. Blyth, Eastman, Dillon & Co., 719 F.2d 1, 4 (1st Cir. 1983).

3

This discretion, however, is subject to stricture: it is mandated that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Amendments are not to be denied solely on the basis of delay. Hayes v. New England Millwork Distrib., 602 F.2d 15, 19-20 (1st Cir. 1979). Merrimack Street Garage v. General Motors Corp., 667 F. Supp. 41 (D.N.H. 1987).

It is axiomatic that amendments which unfairly prejudice a litigant should not be granted. DCPB, Inc. v. City of Lebanon, 957 F.2d 913, 917 (1st Cir. 1992).

Late pleading amendments may be "allowed under Rule 15(b) at the discretion of the court, but only to the extent that the party opposing the amendment will not be unduly prejudiced." Campana v. Elder, 755 F.2d 212, 215 (1st Cir. 1985).

In Wildauer v. Frederick County, 993 F.2d 369 (4th Cir. 1993) it was held to be within the discretion of the district court to deny a motion to amend filed 120 days after discovery had closed.

In this case plaintiff's motion to amend was filed two and one half weeks after close of discovery. As counsel for the defendant had pointed out, plaintiff on the date of the filing of her complaint, was then aware of her own "severe emotional

4

distress."

The trial is scheduled to commence after June 1, 1995. To allow the motion to amend as of this date May 16, 1955 would put an impossible onus on the defendant. In all probability it would necessitate redeposing plaintiff on her claim of emotional distress, and the deposing of the expert witnesses Judy Czarnecki, Ph.D. and Peter E. Clarke, M.Ed., C.R.C. After deposing plaintiff's two proposed experts the court can then foresee the defendant having one or more experts examining the plaintiff and the plaintiff then deposing defendant's expert or experts. Commencement of the trial would then have to be delayed until some date in 1996.

Accordingly, the motion to amend (Doc. 15) is denied. The court at this time sees no reason to allonge the trial by addressing the conflicts of law issue which can be disposed of by agreement or at the final pretrial hearing.

May 17, 1995

Martin F. Loughlin
Senior Judge

John H. MacEachern, Esq.
James M. Saffian, Esq.