Charles **CHRISTENSEN, Plaintiff,**

v.

**LAWRENCE F. QUIGLEY MEMORIAL HOSPITAL, Defendant.**

**Civ. A. No. 84–3388–W.**

United States District Court,
D. Massachusetts.

Nov. 1, 1985.

---

Thomas Homans, Homans, Hamilton, Hahmen & Marshall, Boston, Mass., for plaintiff.

Lisa Levy, Dept. of the Attorney General, Government Bureau, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

WOLF, District Judge.

The plaintiff, Charles Christensen, brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Civil Rights Act of 1871, 42 U.S.C. § 1983. He seeks monetary and injunctive relief against the defendant, Quigley Memorial Hospital, for alleged employment discrimination based on sex. Jurisdiction rests on 28 U.S.C. §§ 1331 and 1343.

On March 11, 1985, Defendant's motion to dismiss plaintiff's first complaint was granted by this court (Garrity, J.) with leave to amend within 60 days. Plaintiff amended his complaint, and defendant renewed its motion to dismiss. Plaintiff's motion to amend his amended complaint was assented to at oral argument.

For the reasons stated below, the court denies defendant's motion to dismiss.

### I. *Pleadings*

Plaintiff's second amended complaint, in pertinent part, makes the following allegations:

1. Defendant hired plaintiff in 1977 to work as a lab technician in Quigley Memorial Hospital. Complaint, ¶ 6.

2. Defendant hired three women in 1981 who allegedly were less qualified than plaintiff. Nonetheless, from November, 1982, to July, 1983, these women allegedly received more rewarding and professionally challenging work than plaintiff. Complaint, ¶¶ 7–8.

3. From October, 1980, to July, 1983, defendant reprimanded, disciplined, and then discharged plaintiff for conduct that was tolerated in similarly situated women. This conduct included authorized and unauthorized tardiness, minor breaches of hospital rules, and the upsetting of hospital patients. Complaint, ¶ 9.

4. Defendant reprimanded, disciplined, and eventually discharged plaintiff for failing to complete work assignments that were unduly burdensome compared to workloads of three female lab technicians. Complaint, ¶ 10.

5. Each of the defendant's actions against plaintiff were taken with the intent to discriminate against him on the basis of his sex. Complaint, ¶ 15.

6. Defendant's actions were also taken to retaliate against plaintiff for bringing a complaint before the Massachusetts Commission Against Discrimination on June 16, 1980. Complaint, ¶ 16.

7. Plaintiff seeks various forms of injunctive and monetary relief, including reinstatement, back pay, reimbursement for lost benefits, and a restriction on the dissemination of information about his work history.

### II. *Discussion*

Defendant seeks to dismiss plaintiff's Title VII claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. It also seeks to dismiss plaintiff's action under 42 U.S.C. § 1983 on the grounds that plaintiff's Title VII remedies are exclusive.

### A. *Title VII Claim*

At the outset, the court stresses that it has limited discretion to grant a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure:

> [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). In addition, the court must "consider only the facts and allegations set forth in the complaint and must view them in a light most favorable to the plaintiff." *Harper v. Cserr,* 544 F.2d 1121, 1122 (1st Cir.1976) (reversing dismissal of § 1983 action based on alleged violation of Eighth Amendment).

In civil rights cases, the First Circuit requires a plaintiff to outline specific facts, which if proven would entitle him to relief. A plaintiff's subjective and conclusory allegations regarding a defendant's acts and motives do not alone make out a civil rights claim. *Dewey v. University of New Hampshire,* 694 F.2d 1, 3 (1st Cir.1982), *cert. denied,* 461 U.S. 944, 103 S.Ct. 2121, 77 L.Ed.2d 1301 (1983); *Fisher v. Flynn,* 598 F.2d 663, 665 (1st Cir.1979); *Kadar Corp. v. Milbury,* 549 F.2d 230, 233 (1st Cir.1977).

■ At the same time, however, the Supreme Court has given specific guidance for analyzing the sufficiency of a Title VII complaint. In a Title VII action, the plaintiff has the burden of establishing by a preponderence of the evidence a *prima facie* case of employment discrimination. The burden then shifts to the defendant to articulate some legitimate, nondiscriminatory reason for its actions.[1] Plaintiff then assumes the burden of showing by a preponderance of the evidence that defendant's articulated reasons for its actions are nothing more than a pretext for a discrimi-

---

**1.** This is a burden of production, not persuasion. *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 254–55, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981).

natory motive. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 800–806, 93 S.Ct. 1817, 1823–1826, 36 L.Ed.2d 668 (1973); *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 252–256, 101 S.Ct. 1089, 1093–1095, 67 L.Ed.2d 207 (1981). In *McDonald v. Santa Fe Transportation Co.,* 427 U.S. 273, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976), the Court set forth the pleading standard for a Title VII complaint:

> An allegation that other "employees involved in acts against [the employer] of *comparable seriousness* ... were nevertheless retained ..." is adequate to plead an inferential case that the employer's reliance on his discharged employee's misconduct as grounds for terminating him was merely a pretext.

427 U.S. 273, 283 n. 13, 96 S.Ct. 2574, 2580 n. 13, 49 L.Ed.2d 493 (quoting *McDonnell Douglas,* 411 U.S. at 804, 93 S.Ct. at 1825) (emphasis in original).

The court concludes that plaintiff's Title VII claim meets the pleading standards established by *Conley* and *McDonald* and thus may not be dismissed under Rule 12(b)(6). Although the pleadings are not replete with specific facts, the court cannot conclude, after viewing the complaint in the light most favorable to the plaintiff, that it is "beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 45–46, 78 S.Ct. at 101–102.

■ Furthermore, this case is too similar to *McDonald* to permit the court to grant defendant's motion. In *McDonald,* two white employees brought a Title VII action against their employer because they were dismissed for misappropriating cargo, while a fellow black employee, who also misappropriated cargo, was retained. The Supreme Court reversed the lower court's dismissal of the complaint, holding that the employer had the right to discharge employees for misconduct, but this criterion had to be applied equally across races.

Similarly, here plaintiff concedes that he was not an ideal employee, and that he violated certain hospital rules, but he claims that similarly situated women employees who were guilty of substantially the same misconduct were not treated as harshly as he. Complaint, ¶ 9. Thus, under *McDonald,* plaintiff's pleadings raise "an inferential case that the employer's reliance on [its] discharged employee's misconduct as a grounds for terminating him was merely a pretext." 427 U.S. at 283 n. 13, 96 S.Ct. at 2580 n. 13.

The court further notes that plaintiff appears to have cured the flaws that led this court (Garrity, J.) to dismiss the original complaint. In the first complaint, plaintiff failed to give names, dates, or any other specifics about his claims. More important, he failed to plead that the alleged discrimination was based on his sex. These deficiencies have been sufficiently remedied to survive this motion to dismiss.

In addition, the court is not convinced that the pleading standards established by the First Circuit have not been met, albeit barely. In *Dewey v. University of New Hampshire,* the most recent case cited by defendant, the court stated that dismissal of a First Amendment claim is a "dubious practice in a close case," and that "[s]ummary judgment allows a broader basis for decision and a hearing of evidence an even broader basis." 694 F.2d 1, 3 (1st Cir. 1982). The *Dewey* court upheld the dismissal of the plaintiff's First Amendment action because he wholly failed to identify the nature of the speech for which he claimed he was denied post-retirement age tenure. In the case at hand, plaintiff has at least set forth minimal facts describing the misconduct for which he was fired and female employees were not. He has also given dates that serve to bound the period in which the alleged discrimination occurred. In short, the court concludes that this is a "close case" in which it would be a "dubious" practice to dismiss plaintiff's complaint.[2]

---

**2.** *Fisher v. Flynn,* 598 F.2d 663 (1st Cir.1979), the other leading case cited by defendant, can also be distinguished. There plaintiff claimed she was denied tenure because she refused the ad-

vances of a tenured faculty member. Her Title VII complaint was dismissed because she failed to plead any facts that would show that refusal to acquiesce to the romantic advances was in

## B. *§ 1983 Claims*

■ Defendant also seeks to dismiss plaintiff's action under 42 U.S.C. § 1983,[3] arguing that Title VII provides an exclusive remedy for employment discrimination claims brought by a state employee. Neither the Supreme Court nor the First Circuit has squarely faced this issue. The Supreme Court, however, has held that Title VII is an exclusive remedy for *federal* employment discrimination claims. *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976) (Title VII precludes federal employment discrimination claims brought under 42 U.S.C. § 1981, the statute that creates a cause of action for constitutional deprivations involving racial discrimination in the making and enforcement of contracts). Similarly, employment discrimination claims in general may not be asserted within the remedial framework of 42 U.S.C. § 1985(3), the statute that protects the federal rights of citizens from deprivations caused by conspiracies. *Great American Federal Savings & Loan Association v. Novotny,* 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979). These cases turn on the principle that a precisely drawn, de-

tailed statute, like Title VII, preempts more general remedies. *Brown,* 425 U.S. at 834, 96 S.Ct. at 1968; *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

■ However, Title VII is not always an exclusive remedy for employment discrimination claims. For instance, it is not an exclusive remedy for claims also brought under § 1981 by employees in the private sector. *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) (as interpreted in *Brown,* 425 U.S. at 833–34, 96 S.Ct. at 1968).[4] But, the Supreme Court has never directly addressed the question whether Title VII is an exclusive remedy for state employment discrimination claims.[5]

■ Defendant cites a recent Sixth Circuit case to support its argument that Title VII remedies are exclusive where a state or local employee's § 1983 claims rest solely on an alleged violation of his Title VII rights. *Day v. Wayne County Board of Auditors,* 749 F.2d 1199, 1204 (6th Cir. 1984). The court agrees that *Day* stands for this proposition.[6] However, it is unnec-

---

any way connected to the decision to terminate her employment. No such causality problems are present in this case. Plaintiff has clearly pleaded facts that, if true, could create an inference that he was discharged for a discriminatory purpose. *McDonald,* 427 U.S. at 283 n. 11, 96 S.Ct. at 2580 n. 11.

**3.** Section 1983 provides a cause of action to individuals whose federal constitutional or statutory rights have been violated under color of state law.

**4.** *See also Novotny,* 442 U.S. at 377 n. 21, 99 S.Ct. at 2351 n. 21. In *Novotny,* the Court distinguished actions brought under 42 U.S.C. § 1981 and § 1983 from actions brought under § 1985(3). The former sections were specifically mentioned in legislative debates over amendments to Title VII and identified as statutes that would not be implicitly repealed by the amendments to Title VII. Section 1985(3) was not given similar attention in the legislative debates.

**5.** However, the Court has at least had the *opportunity* to rule that Title VII is an exclusive remedy in state employment discrimination cases, but failed to do so. For example, in *Personnel Administrator of Massachusetts v. Feeney,* 442 U.S. 256, 259 n. 2, 99 S.Ct. 2282, 2285 n. 2, 60 L.Ed.2d 870 (1979), the plaintiff brought a

§ 1983 claim, alleging that the Commonwealth of Massachusetts had violated her equal protection rights under the Fourteenth Amendment by adopting a veteran's preference rule that allegedly had a discriminatory impact on women applicants. The court noted that the plaintiff did not bring a concurrent Title VII claim because of a provision in Title VII that the parties assumed excluded veteran's preferences from the statute's application. Although it had the clear opportunity to do so, the Court did not state that if there had been no exclusion for veteran's preferences, Title VII would have been plaintiff's exclusive remedy. This omission is conspicuous because it tends to show that there is no rule forbidding state employees from bringing concurrent Title VII and equal protection claims.

**6.** *See also Torres v. Wisconsin Department of Health and Social Services,* 592 F.Supp. 922, 927–931 (E.D.Wis.1984) (plaintiff cannot bring a § 1983 claim for employment discrimination, even if plaintiff also alleges a violation of the Fourteenth Amendment). *Contra Storey v. Board of Regents of the University of Wisconsin System,* 600 F.Supp. 838, 840 (W.D.Wis.1985) (Title VII is not an exclusive remedy unless the right on which § 1983 claim rests is one *created* by Title VII itself).

essary for the court to decide whether the *Day* rule must govern in this case, because even if it does, defendant's motion to dismiss plaintiff's § 1983 claims must still be denied because these claims do not rest solely on alleged violations of Title VII.

Plaintiff has clearly pleaded that defendant's conduct also violated his rights under the Fourteenth Amendment. Complaint, ¶ 1. The court concludes that Title VII is not an exclusive remedy in such cases. *Zewde v. Elgin Community College*, 601 F.Supp. 1237, 1244–48 (N.D.Ill.1984) (Title VII is not an exclusive remedy for state and local employees who also allege violations of their constitutional rights). *See also Storey v. Board of Regents of the University of Wisconsin System*, 600 F.Supp. 838, 840 (W.D.Wis.1985) (Title VII remedies do not preclude claim under Fourteenth Amendment because Title VII did not create right against sex discrimination); *contra Torres v. Wisconsin Department of Health and Social Services*, 592 F.Supp. 922, 927–931 (E.D.Wis.1984). *See* note 6, *supra.* Although plaintiff has not specifically stated that defendant violated the Equal Protection Clause of the Fourteenth Amendment, this claim is implicit in his complaint. *See Zewde*, 601 F.Supp. at 1245 n. 9. Moreover, "[a] basic tenet of the modern rules of civil procedure is that courts must consider a request for relief if the plaintiff can succeed on any theory, whether advanced in the complaint or not." *Adams v. Bell*, 711 F.2d 161, 187 (D.C.Cir. 1983), *cert. denied*, 465 U.S. 1021, 104 S.Ct. 1272, 79 L.Ed.2d 678 (1984) (motion to dismiss denied in Title VI action). In this vein, plaintiff also has a potential free speech claim. He alleges that he not only was discriminated against on the basis of his sex, but that he was harassed, disciplined, and eventually discharged in retaliation for bringing a complaint before the Massachusetts Commission Against Discrimination. If plaintiff can prove these

allegations, he will not only have shown a violation of § 704(a) of Title VII, 42 U.S.C. § 2000e–3(a), but also an independent violation of the First Amendment, applied to the States through the Fourteenth Amendment. *See NAACP v. Button,* 371 U.S. 415, 429–431, 83 S.Ct. 328, 335–337, 9 L.Ed.2d 405 (1963); *Owens v. Rush*, 654 F.2d 1370, 1377–80 (10th Cir.1981).

In short, defendant errs in characterizing plaintiff's action as one arising solely under Title VII. Plaintiff has also alleged independent grounds for relief under the First and Fourteenth Amendments. Under the holding in *Day*, therefore, defendant's motion to dismiss plaintiff's § 1983 claims must be denied.

### III. *Conclusion*

For the reasons stated above, defendant's motion to dismiss is hereby DENIED.[7] Discovery shall be completed and all dispositive motions shall be filed within four months of the date of this order.

---

**7.** In denying defendant's motion to dismiss, the court makes no judgment about the merits of plaintiff's case. The holding today only addresses the question whether the allegations of the complaint, if proven, provide a claim or claims upon which relief may be granted. At

this stage, it is too early to speculate whether defendant can actually prove by a preponderance of the evidence that he was fired because of his sex, and not for some other legitimate business reason.