**James MERROW**

v.

**David GOLDBERG, Joseph Mark, W. Boyd Barrick and James Davidson.**

**Civ. A. No. 86–193.**

United States District Court, D. Vermont.

Oct. 10, 1986.

---

William A. Hunter, Tepper & Dardeck, Rutland, Vt., for plaintiff.

Paul K. Sutherland, Sutherland Associates, Inc., Burlington, Vt., for defendants.

## OPINION AND ORDER

BILLINGS, District Judge.

This is a civil rights suit brought under 42 U.S.C. § 1983. On October 7, 1986, the matter came before the Court on defendants' motion to dismiss, filed September 8, 1986. Defendants seek to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1), (2) and (6); defendants also request that the Court abstain from exercising jurisdiction in this case. For the following reasons, defendants' motion is GRANTED IN PART and DENIED IN PART.

When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must take plaintiff's allegation in his complaint as true. *Dahlberg v. Becker*, 748 F.2d 85, 88 (2d Cir.1984), *cert. denied* 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985). Further, unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the complaint should not be dismissed. *Id.* We review the facts and law pertaining to defendants' motion with these standards in mind.

### Alleged Facts

Plaintiff is employed as a teacher in the Mount Anthony Union High School, part of the Bennington, Vermont school system. He has also taken several courses at Castleton State College ("Castleton") "to advance his professional understanding and

skills." Complaint, ¶ 11. Castleton was created pursuant to 16 V.S.A. § 2171. Defendants are officials of Castleton and plaintiff alleges that defendants were acting under color of state law throughout the events that gave rise to this lawsuit.

In the summer of 1985, plaintiff was contacted by representatives of Castleton, who informed him that Castleton was reviewing the courses taken by plaintiff. After informing plaintiff that there was "substantial doubt" as to whether the credits on his transcript should remain, some of the defendants began a formal process whereby plaintiff's credits would be reviewed. This formal process was to take place pursuant to a set of procedures contained in documents entitled "Credit Review Hearing Procedures" and "Credit Review Panel Instructions."

Plaintiff was not present at the first review session, held sometime in 1985 or 1986. On March 20, 1986, defendant Barrick notified plaintiff that there would be another meeting on April 8, 1986, at which time "the burden would be on (plaintiff) to prove that he had earned the credits for the (challenged) courses ... ." Complaint, ¶ 21, 22. Plaintiff did not attend the April 8th meeting and was never informed of the review panel's final decision. As of this date it appears that defendants have stripped plaintiff of several credits for courses taken at Castleton. Complaint, ¶ 24A. Finally, plaintiff states that he

> is aware that certain members of the school boards in the Bennington school system have stated that any teacher who has had credits expunged from his or her transcript by the Defendants should not be employed as a teacher in the school system.

Complaint, ¶ 25.

## DISCUSSION

On the basis of these facts, plaintiff seeks a preliminary and permanent injunction against defendants under three causes of action. First, plaintiff claims that he has a protected liberty interest in his ability to be hired as a teacher and that defendants have deprived him of this interest

without the due process of law under required *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Second, plaintiff claims that he has a protected property interest in the credits on his transcript, of which interest defendants have deprived him without due process of law. Third, plaintiff claims that defendants have breached their contract with plaintiff. The Court examines the federal claims *seriatim* to determine whether plaintiff can prove any set of facts which would entitle him to relief thereunder.

### A. *Liberty Interest in Teaching*

The law clearly states that, as a preliminary matter, plaintiffs who seek to invoke the jurisdiction of the federal courts must satisfy the threshold "case or controversy" requirement imposed by Art. III of the Constitution. *Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665, 75 L.Ed. 2d 675 (1983). "The plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate' not 'conjectural' or 'hypothetical.'" *Id.* at 101–102, 103 S.Ct. at 1665 (citations omitted).

Plaintiff's only claim regarding the injury or threat of injury to his employment or reputation is contained in ¶ 25 of his complaint, quoted *supra*. This allegation does not amount to one of a real or immediate injury or threat; rather, at best it amounts to conjecture regarding possible injury or threat of injury to his ability to teach that plaintiff may face at some undefined point in the future. As such, plaintiff's alleged deprivation of liberty without due process of law fails to satisfy the "case or controversy" requirement established in *Los Angeles v. Lyons, supra.*

Moreover, even if there were a real and immediate threat to plaintiff's liberty interest in his employment and reputation, it would be members of the school boards of the Bennington system, and not these defendants, who would deprive plaintiff of this interest. Under the facts contained in his complaint, it would be impossible for

plaintiff to allege a nexus between the actions of defendants and the alleged deprivation of plaintiff's rights sufficient to state a claim under 42 U.S.C. § 1983 upon which relief can be granted against these defendants. *See Fisher v. Flynn,* 598 F.2d 663, 665–66 (1st Cir.1979).

Accordingly, plaintiff's claim that he was deprived of a liberty interest without due process of law shall be dismissed for failure to state a case or controversy and for failure to state a claim upon which relief may be granted.

### B. *Property Interest in Credits*

 The Supreme Court has not yet decided whether claims to credits earned, enrollment in a university and the like rise to the level of a "protected property interest" under the 14th amendment. *See Regents of Univ. of Mich. v. Ewing,* 474 U.S. 214, 106 S.Ct. 507, 512, 88 L.Ed.2d 523 (1985). *But see id.* 106 S.Ct. at 515 (Powell, J. concurring) (claim to a property interest in continued enrollment in state university is "dubious at best"). Under the current state of civil rights law, it appears that plaintiff can establish a protected property interest in the course credits by proving that his "understanding of entitlement" to the credits has an objective basis in Castleton's "policies and practices" of general application. *Easley v. University of Michigan Board of Regents,* 627 F.Supp. 580, 584–85 (E.D.Mich.1986), quoting *Roth, supra,* 408 U.S. at 577, 92 S.Ct. at 2709, and *Perry v. Sinderman,* 408 U.S. 593, 603, 92 S.Ct. 2694, 2700, 33 L.Ed.2d 570 (1972). Plaintiff's complaint sets forth facts under this cause of action that are sufficient to withstand defendants' motion to dismiss.[1]

 Defendants argue that this cause of action should be dismissed because: 1) plaintiff has not sufficiently alleged that these defendants were state actors for the purposes of a § 1983 claim; 2) the complaint contains no allegation regarding defendants' alleged qualified immunity from suit; and 3) the real parties in interest are defendants in their official, not individual, capacity. None of these arguments carries the day. Plaintiff alleges that Castleton is a state agency and that its officials were acting under color of state law. Castleton and its officials are "state actors" for the purposes of a § 1983 claim, *see Nzomo v. Vermont State Colleges,* 136 Vt. 97, 385 A.2d 1099 (1978); *Nzuve v. Castleton State College,* 133 Vt. 225, 335 A.2d 321 (1975), and plaintiff's allegations are sufficient on this point. Immunity, whether absolute or qualified, may not apply in a case such as the present one where the only relief sought is injunctive and declaratory in nature. *See Wood v. Strickland,* 420 U.S. 308, 319–20, 95 S.Ct. 992, 999–1000, 43 L.Ed.2d 214 (1975). Moreover, immunity, as a defense to be alleged in defendants' answer, is available depending upon the capacity in which defendants are sued. *Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 3106, 87 L.Ed.2d 114 (1985). The course of proceedings will typically indicate whether suit is brought against defendants in their official or individual capacity. *Id.* 105 S.Ct. at 3106, n. 14, quoting *Brandon v. Holt,* 469 U.S. 464, 105 S.Ct. 873, 877, 83 L.Ed.2d 878 (1985). As long as prejudice to defendants does not occur, plaintiff will be able to amend his pleadings to conform to the evidence if it appears that defendants should be sued in their official, rather than individual, capacity. *Ewing, supra,* 106 S.Ct. at 511, n. 6.[2]

 Last, defendants urge the Court to abstain from exercising its jurisdiction in this case. The Court, in its discretion, chooses not to do so. Where, as here, the federal court properly has subject matter jurisdiction over a case, it has a "virtually unflagging obligation" to exercise that jurisdiction. *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.,* 800 F.2d 325, 327

---

1. While it is unclear which due process, procedural or substantive, plaintiff alleges defendants violated in taking away his course credits, this insufficiency should not result in a dismissal at this stage of the proceedings. *Cf. Easley, supra,* 627 F.Supp. at 582.

2. In any event, to allay defendants' concerns regarding their ability to set forth appropriate defenses to this suit, plaintiff's counsel conceded at oral argument that plaintiff was proceeding against defendants in their official capacity.

**1134**

(2d Cir.1986) (under Supreme Court criteria for abstention set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) and *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), district court abused its discretion in abstaining from exercising jurisdiction over case.) This is especially true where, as here, there is no state proceeding currently pending.

In sum, defendants' motion is GRANTED with regard to plaintiff's claim of deprivation of a liberty interest without due process of law. This claim is therefore dismissed. Defendants' motion is DENIED with regard to plaintiff's claim of deprivation of a property interest without due process of law.

SO ORDERED.